CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 3 1 2011
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Action No. 4:08-cr-00005-1 |
| | ) | |
| v. | ) | <u>§ 2255 MEMORANDUM OPINION</u> |
| | ) | |
| **CLINTON LEE RUMLEY,** | ) | **By: Hon. Jackson L. Kiser** |
| Petitioner. | ) | **Senior United States District Judge** |

Clinton Lee Rumley, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner complains that he received ineffective assistance of counsel during a suppression hearing, his jury trial, and his appeal. The United States filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the United States' motion to dismiss.

I.

In the late evening of December 12, 2007, Deputy Michael Wagner of the Henry County Sheriff's Office stopped a pickup truck driven by petitioner and occupied by a passenger because the truck's tail lights were not allegedly operating. Deputy Wagner subsequently determined that petitioner was driving while having a suspended license and arrested him. After petitioner was arrested and secured in the back of the patrol car, the deputy asked the passenger to step out of the truck. As the passenger opened the door and moved out of the truck, the deputy saw a pistol on the floor. Petitioner acknowledged that the pistol was his. When petitioner's relative came to the scene to remove the truck from the side of the road, the deputy saw that the tail light was then working.

Because petitioner was a previously convicted felon, the United States prosecuted him for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 924(e) and 922(g)(1).

Petitioner, by appointed counsel, moved to suppress the discovery of the pistol and his ensuing statements about it as fruit of an unlawful traffic stop. I denied petitioner's motion to suppress at the conclusion of the hearing because any mistake the deputy made in assessing whether the truck's taillights were visible was an "honest" one made in good-faith.

A jury subsequently found petitioner guilty of the charge, and I sentenced petitioner on December 16, 2008, to, <u>inter alia</u>, 180 months' incarceration. Petitioner appealed, challenging the seizure of the pistol instead of the initial traffic stop. The Court of Appeals heard oral argument on October 29, 2009, and affirmed his convictions on December 7, 2009, by a published opinion. The Court of Appeals determined that "the district court did not commit plain error, or any error at all, in refusing to suppress the pistol." <u>United States v. Rumley</u>, 588 F.3d 202, 205 (4th Cir. 2009). Petitioner filed a petition for a writ of certiorari with the Supreme Court of the United States, and the Court declined his request. Petitioner then timely filed the instant § 2255 motion.

Petitioner first complains that counsel's inadequate performance at the suppression hearing caused me to rule in the United States' favor to admit all adverse evidence flowing from the traffic stop. Petitioner believes that the deputy violated his Fourth Amendment right to be free from unreasonable searches and seizures by unlawfully stopping his vehicle, arresting him, and searching his truck. Petitioner argues that counsel "superficially challenged" the initial traffic stop without specifically arguing the deputy's objectively unreasonable belief that a traffic offense actually occurred; the legality of the arrest; the warrantless search incident to arrest; or the eventual seizure of the firearm based on the plain-view doctrine. (Br. Supp. Mot. (no. 73-1) 3.)

Petitioner also complains that trial counsel did not investigate or familiarize herself with the facts of the case because, if she had, she should have filed a motion to dismiss. The motion to dismiss should have been filed based on the police deputy's "bad faith" in destroying the video tape of the traffic stop recorded from the deputy's dashboard camera. Petitioner argues that the video was exculpatory evidence because it recorded from behind his truck and would have shown that his vehicle's tail lights were operating. Petitioner argues that the deputy's bad faith is apparent because a reasonable deputy would have kept the video as evidence of petitioner's inoperable tail light.

Petitioner further complains that appellate counsel was ineffective by abandoning the overly-broad argument offered at the suppression hearing for a more narrow argument based on a search incident to arrest and Arizona v. Gant, 129 S. Ct. 1710 (2009). Petitioner is dissatisfied with the outcome of appellate counsel's arguments because the Court of Appeals rejected them and affirmed petitioner's conviction.

II.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed

in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Petitioner argues that his conviction was obtained in violation of the Sixth Amendment right to counsel. To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697. Furthermore, "an attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires a petitioner to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

The second prong of Strickland requires a petitioner to show that counsel's deficient

4

performance prejudiced him. Strickland, 466 U.S. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

Petitioner argues that counsel's "superficial[] challenge[]" of the traffic stop constitutes deficient performance and that he was prejudiced as a result. However, a review of the suppression hearing transcripts establishes that counsel's performance did not violate the Sixth Amendment. I determined at the hearing that the even if the deputy was mistaken about an inoperable tail light, that mistake by itself did not render the traffic stop unlawful. See Saucier v. Katz, 533 U.S. 194, 205 (2001) (stating the reasonableness of the officer's belief as to the appropriate action should be judged from that on-scene perspective and not with 20/20 hindsight) (modified on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009)). The fact that an officer may be factually mistaken as to the existence of a traffic offense does not render the stop illegal; instead, "the only question is whether his mistake of fact was reasonable." Id. at 205-06. Counsel began her argument with the premise that I should find that the tail-lights worked the entire time. However, I did not agree with that conclusion and questioned counsel about whether the stop was reasonable after assuming that the tail-lights did not initially work but later did work. Counsel applied the facts revealed during the suppression hearing to argue that the deputy's mistake was unreasonable, and, consequently, the gun charge flowed from an unlawful traffic stop. However, I resolved issues of credibility and facts adversely to petitioner, which by itself does not mean counsel's performance violated the Sixth Amendment. Therefore, the record does not support petitioner's claim that counsel performed deficiently, and it is

dismissed.

Petitioner also complains that trial counsel did not investigate or familiarize herself with the facts of the case because she did not file a motion to dismiss. Petitioner argues that counsel should have investigated the evidence-retention policies of the deputy's department to illustrate the deputy's bad-faith destruction of the video.

When trial counsel's conduct is challenged for failing to present certain evidence, the inquiry is generally focused on whether the investigation supporting counsel's decision to not present certain evidence was reasonable. See Wiggins v. Smith, 539 U.S. 510, 521-23 (2003) (in context of limited scope of investigation into potential mitigating evidence); Wilson v. Ozmint, 352 F.3d 847, 860 (4th Cir. 2003) (same). "[W]hen evaluating decisions not to investigate further, [the court] must regard counsel's choice with an eye for 'reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" Bunch v. Thompson, 949 F.2d 1354, 1363 (4th Cir. 1991) (quoting Strickland, 466 U.S. at 691).

Counsel questioned these policies and their impact on petitioner's case during both the trial and suppression hearing. (Suppression H'rg 11:18-25 – 12:1-20; Tr. Tran. 72:21-25 – 73:1-17.) However, the existence or destruction of the recording was irrelevant during the guilt phase before the jury; the only question for the jury to resolve was whether petitioner knowingly possessed the pistol. (Tr. Tran. 46:10-17.) Any discussion of the policies during the suppression hearing would not have resolved whether the tail lights were perfectly operable when petitioner first pulled onto the road before the deputy activated his emergency lights three-hundred yards later to turn on the video camera. (Suppression H'rg Tran. 11:11-17; Tr. Tran. 73:1-3.) Moreover, petitioner's alleged prejudice that counsel's failure to file a motion to dismiss is

without merit. Petitioner argues that counsel should have sought to dismiss the indictment for the government's alleged bad faith in destroying the videotape. However, the indictment is not related to the videotape, and no nexus between these two arguments supports a motion to dismiss the indictment.

Furthermore, petitioner fails to establish that the police had notice of the importance of the video recording after the traffic stop to prevent its destruction; the video's objectively exculpatory value as to possession of a handgun; the deputy's ability to control its disposition after he no longer had access to the video camera in a particular patrol car; or that it had evidence central to the prosecution of a felon in possession of a firearm. See United States v. Bohl, 25 F.3d 904, 911-14 (10th Cir. 1994) (discussing factors to infer bad faith destruction of evidence). The deputy also provided an innocent explanation that the video records over itself and that the department's procedure for retaining video evidence begins when something noteworthy happens in front of the vehicle, such as a pursuit. See id.; Suppression H'rg 12:1-6. Petitioner's conclusory assumptions fail to establish the deputy's bad faith, and, thus, any failure to preserve potentially useful evidence would not constitute a denial of due process of law. Arizona v. Youngblood, 488 U.S. 51, 58 (1988). Without any indicia of bad faith, counsel was not deficient for investigating or challenging policies related to the video.

Moreover, petitioner's mere conclusion of bad faith because the deputy did not turn the video in for retention is not sufficient by itself to further conclude that counsel performed deficiently. See Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000) (stating conclusory or "purely speculative" claims of Brady violations are insufficient to obtain collateral relief). Whether the video was destroyed is not determinative of "whether in its absence he received a

fair trial, understood as a trial resulting in a verdict worthy of confidence.'" Smith v. Holtz, 210 F.3d 186, 194 (3d Cir. 2000) (quoting Kyles v. Whitley, 514 U.S. 419, 434 (1995)). Therefore, petitioner fails to establish that counsel's alleged failure to investigate violates the Sixth Amendment, and the claim is dismissed.

Finally, petitioner complains that appellate counsel raised a different argument on appeal than the argument offered at the suppression hearing, in violation of the Sixth Amendment. Petitioner believes that appellate counsel should not have argued that the deputy had no justification to search his truck, pursuant to the then-recent case Arizona v. Gant, 129 S. Ct. 1710 (2009), but should have appealed the issue adjudicated at the suppression hearing.

Effective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit, and I "must accord [] counsel the presumption that he decided which issues were most likely to afford relief on appeal. . . ." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986), cited with approval in Smith v. Robbins, 528 U.S. 259, 288 (2000). However, appellate counsel is not required to raise every nonfrivolous argument available on direct appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983).

Petitioner cannot succeed on this claim because the argument adjudicated at the suppression hearing was not a clearly stronger argument than the issue appealed. Counsel relied on Gant to invalidate the search of the vehicle and subsequent seizure of the firearm. Gant held that a search of a vehicle incident to a recent occupant's arrest is justified "only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the

search" or when "it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." Id. at 1719. In this case, the deputy arrested petitioner for a driving with a suspended license, who was handcuffed in the back of a patrol car when the deputy approached the passenger in the truck. The facts in this case are sufficiently analogous to Gant to warrant the tactical decision to argue Gant in petitioner's favor. Furthermore, petitioner cannot establish prejudice because, regardless of which argument would be presented on appeal, "the district court did not commit plain error, or any error at all, in refusing to suppress the pistol." Rumley, 588 F.3d at 205 (emphasis added). Therefore, appellate counsel provided the effective assistance required by the Sixth Amendment, and this claim is dismissed.

III.

For the foregoing reasons, I grant the United States' motion to dismiss and dismiss petitioner's § 2255 motion. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

**ENTER**: This 31st day of January, 2011.

Senior United States District Judge