CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 17 2019
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:08CR00005 |
| | ) | |
| v. | ) | **AMENDED MEMORANDUM OPINION** |
| | ) | |
| CLINTON LEE RUMLEY, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Clinton Lee Rumley, a federal inmate, has filed an authorized successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his enhanced sentence as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e), ("ACCA"), is unlawful. After consideration of the record and applicable case law, the court concludes the Rumley's motion must be granted.

I.

Rumley was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He proceeded to trial and was found guilty. Rumley's Presentence Investigation Report ("PSR") recommended that he receive an increased sentence because he qualified as an armed career criminal in that he had at least three prior convictions for a violent felony and/or a serious drug offense. (PSR ¶ 17, ECF No. 56.) The predicate offenses supporting his status as an armed career criminal included prior Virginia convictions for robbery by force, abduction, malicious wounding and unlawful wounding. (Id. ¶¶ 26, 30, 32, and 35.) On December 18, 2008, the court sentenced Rumley to a total of 180 months' incarceration after adopting the PSR and concluding that he was an armed career criminal. Rumley appealed but the Fourth Circuit affirmed his conviction and sentence. United States v. Rumley, 588 F.3d 202, 206 (4th Cir.

2009). He also filed a petition for a writ of certiorari to the Supreme Court of the United States, which was denied. Rumley v. United States, 599 U.S. 1081 (2010) (Mem).

I appointed the Federal Public Defender's Office to represent Rumley and provide briefing, if necessary, in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), pursuant to Standing Order 2015-5. The Federal Public Defender's Office filed a § 2255 Motion on Rumley's behalf. On September 19, 2017, the case was stayed pending a decision by the United States Court of Appeals for the Fourth Circuit in United States v. Jenkins, Case No. 16-4121. Jenkins has now been decided, No. 16-4121, 2018 WL 1225728 (4th Cir. March 9, 2018) (unpublished); accordingly, the § 2255 Motion is ripe for review.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his or her sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Rumley bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A. The ACCA Enhanced Sentence Structure

Rumley claims that he no longer qualifies as an armed career criminal because his robbery, abduction, malicious wounding and unlawful wounding convictions cannot be used to support an enhanced sentence under the ACCA.

Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants convicted of a § 922(g) charge have three or

more prior convictions for "serious drug offenses" or "violent felonies," they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In <u>Johnson</u>, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. 2563. Specifically it concluded that crimes "otherwise involv[ing] conduct that present[ed] a serious potential risk of physical injury to another," known as the "residual clause," was unconstitutionally vague. <u>Id.</u> at 2555, 2563. However, it did not strike down the other portions of the violent felony definition, including the "force clause," which covers crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court's decision in <u>Johnson</u> announced a new rule of constitutional law that applies retroactively to cases on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016).

B. <u>Predicate Offenses</u>

Rumley has four predicate offenses that the court used to support his enhanced ACCA sentence: robbery, abduction, malicious wounding and unlawful wounding convictions.

1. <u>Robbery by Force</u>

Rumley argues that his robbery conviction no longer supports his status as an armed career criminal. In Virginia, robbery is a common law crime defined as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." <u>United States v. Winston</u>, 850 F.3d 677, 683 (4th Cir. 2017) (internal quotation marks omitted). In order for a robbery conviction to qualify as a violent felony for ACCA purposes, it must fall under the "force clause" and have "as an element the use, attempted

use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has defined "physical force" as "violent force . . . capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). The Fourth Circuit has concluded that Virginia convictions for common law robbery cannot support an enhanced sentence because such a conviction can result without the use of violent force. Winston, 850 F.3d at 686. Accordingly, Robinson's Virginia robbery conviction by force does not support his status as an armed career criminal.

2. Abduction

Rumley next contends that, in light of prevailing precedent, his conviction for abduction no longer qualifies as a predicate offense. His argument goes that, because the residual clause has been struck down, abduction does not qualify under either the "force" or "enumerated offenses" clauses and therefore is not a "crime of violence" under the ACCA. The government counters that Virginia abduction qualifies as a "crime of violence" under the "force" clause.

Under Virginia law, one commits abduction or kidnapping (used interchangeably by Virginia courts) if he, "by force, intimidation, or deception, and without legal justification or excuse, seizes, takes, transports, details or secretes another person with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person, authority, or institution lawfully entitled to his charge . . . ." Va. Code Ann. § 18.2-47(A). In reviewing the statute in question, the first order of business is to decide if the statute is divisible on its face. If it is not, the categorical approach applies and a court considers only the elements of the statute of conviction without regard to the defendant's underlying conduct. See Descamps v. United States, 570 U.S. 254, 260–61 (2013). If the statute is divisible, a court employs the modified categorical approach to determine which *version* of the crime the defendant was convicted of, then

determining whether the version of the crime a defendant was convicted of qualifies as a "crime of violence." See id. at 263–64.

Turning to the statute in question, on its face, it would appear to be divisible as it sets forth that defendant may violate the statute "by force, intimidation, *or* deception." "[U]se of the word 'or' in the definition of a crime[, however,] does not automatically render the crime divisible." Omargharib v. Holder, 775 F.3d 192, 198 (4th Cir. 2014) (citing United States v. Royal, 731 F.3d 333, 341–42 (4th Cir. 2013)). "As [the relevant case law] recognize[s], a crime is divisible under Descamps only if it is defined to include multiple alternative *elements* (thus creating multiple versions of a crime), as opposed to multiple *means* (of committing the same crime)." Id. (citing Royal, 731 F.3d at 341; United States v. Cabrera-Umanzor, 728 F.3d 347, 353 (4th Cir. 2013)). "Elements, as distinguished from means, are factual circumstances of the offense the jury must find 'unanimously and beyond a reasonable doubt.'" Id. at 198–99 (quoting Descamps, 570 U.S. at 269). In analyzing this distinction, one important metric is the way Virginia courts generally instruct juries with respect to abduction. See id. at 199.

The Fourth Circuit's decision in Royal is helpful in this analysis. In that case, the Fourth Circuit determined that Maryland's assault statute, which permitted conviction after a showing of *either* "offensive physical contact" *or* "physical harm," was indivisible as a matter of law. Royal, 731 F.3d at 431–32. The court concluded that "offensive physical contact" and "physical harm" were merely alternative means of satisfying a single element of the Maryland offense. Because they were not separate elements, the statute was not divisible, and the categorical approach prevailed. This conclusion was confirmed by the fact that "Maryland juries are not instructed that they must agree 'unanimously and beyond a reasonable doubt' on whether the defendant caused

either 'offensive physical contact' or 'physical harm' to the victim; rather, it is enough that each juror agree only that one of the two occurred, without settling on which." Id. at 341.

Looking at the way Virginia courts instruct juries with regard to abduction, it is clear that "force, intimidation, or deception" are manners in which a single element may be accomplished. The Virginia Model Jury Instructions state:

> The defendant is charged with the crime of abduction. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
>
> (1) That the defendant by [force; intimidation; deception] did [seize; take; transport; detain; hide] (name of person); and
> (2) That the defendant did so with the intent [to deprive (name of person) of his personal liberty; to withhold or conceal (name of person) from (name of person or authority legally entitled to his charge)]; and
> (3) That the defendant acted without legal justification or excuse.
>
> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the crime as charged, then you shall find the defendant guilty . . . .

Va. Model Jury Instruction 4.100 (2018). As written and applied by Virginia courts, see, e.g., Walker v. Commonwealth, 622 S.E.2d 282, 285–86 (Va. App. 2005); Simms v. Commonwealth, 346 S.E.2d 734, 736 (Va. App. 1986), the first element of abduction can be accomplished by *either* force *or* intimidation *or* deception. "The model instruction does not tell the jury to distinguish between" force, intimidation, or deception, and the government has not pointed to any case law that suggests otherwise. Omargharib, 775 F.3d at 199. Accordingly, the statute (as is relevant to Rumley) is indivisible as a matter of law and the categorical approach must be used to determine whether Virginia abduction constitutes a crime of violence under the ACCA.

Utilizing the guidance of Descamps, when a statute defines an offense using a single, indivisible set of elements that allows for both violent and nonviolent means of commission, the offense is not a categorical crime of violence. Cf. United States v. Aparicio-Soria, 740 F.3d 152, 157–58 (4th Cir. 2014) (en banc); United States v. Royal, 731 F.3d 333, 341–42 (4th Cir. 2013). Because Virginia abduction may be committed nonviolently, i.e., by deception or intimidation, the offense does not qualify as a categorical crime of violence, and may not be used to justify an enhanced sentence under the "force" clause of the ACCA.

3. Malicious and Unlawful Wounding

Finally, Rumley claims that his malicious and unlawful wounding convictions no longer qualify as violent felonies because they does not fall under the "force clause" of the ACCA, the only definition potentially applicable after Johnson invalidated the residual clause. However, Jenkins holds the opposite.

In Jenkins, the Fourth Circuit concluded that Virginia unlawful wounding convictions continue to qualify as violent felonies following Johnson. 2018 WL 1225728 *4. The court held that because a conviction for unlawful wounding requires both "causation of bodily injury" and "intent to maim, disfigure, disable or kill," it satisfies the force clause of the ACCA. Jenkins, 2018 WL 1225728 *1. The analysis in Jenkins applies equally to Virginia malicious wounding convictions. Virginia malicious wounding is a more serious crime than unlawful wounding; therefore, the Fourth Circuit's holding that unlawful wounding involves the force necessary to satisfy the ACCA necessarily also applies to malicious wounding convictions. See Jenkins, 2018 WL 1225728 *2 (noting that Virginia Code § 18.2-51 criminalizes both malicious and unlawful wounding, and analyzing the "least serious wounding offense" in order to determine whether the minimum conduct required to sustain a conviction under the statute would satisfy the ACCA).

## III.

Because Rumley no longer has three predicate offenses following <u>Johnson</u>, he has established that he was improperly sentenced as an armed career criminal and is therefore entitled to relief. 28 U.S.C. § 2255(a). I will deny the government's motion to dismiss and grant Rumley's motion for relief. Rumley will be resentenced.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record, and is further instructed to set this matter for resentencing at the parties' earliest convenience.

**ENTERED** this 17th day of January, 2019.

s/Jackson L. Kiser_____