CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 14 2020

JULIA C. DUDLEY, CLERK
BY:  s/ H. MCDONALD
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:08cr00005 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CLINTON LEE RUMLEY, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Defendant Clinton Rumley is currently housed at FCI Butner Medium, which has recently suffered a devastating outbreak of COVID-19, the disease caused by the coronavirus. Defendant first moved for immediate release on April 1, 2020, because his medical history put him at high risk for complications should be contract the virus [ECF No. 182]. I denied that motion, reasoning that, although Defendant was at high risk for complications should be contract the virus, he had failed to make any showing that the medical staff at Butner was unable or unwilling to take the reasonable steps necessary to protect its inmates from an outbreak. [ECF No. 190.] Since that decision, Defendant has indeed contracted COVID-19, and now seeks immediate release precisely *because* he is infected.

Defendant contends that being housed with other infected inmates increases the likelihood of complications for him. To be sure, he admits that he is "currently not experiencing symptoms other than occasional chest tightness." (Def.'s Mot. to Remove Case from Abeyance pg. 1, May 6, 2020 [ECF No. 205] (hereinafter "Def.'s Mot.").) He also bizarrely argues that the community at large is at "great danger if he remains imprisoned." (Id. pg. 2.) He asserts that being released into the public with a dangerous, communicable

disease is both compelled by his present condition and safer for everyone involved. I

disagree. Defendant has failed to show an "extraordinary or compelling reason" to justify his

immediate release.

United States Code Title 18, Section 3882(c)(1)(A), as amended by the First Step Act

and in pertinent part, provides that a court may not modify a term of imprisonment once it

has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the defendant
> has fully exhausted all administration rights to appeal a failure of
> the Bureau of Prisons to bring a motion on the defendant's
> behalf or the lapse of 30 days from the receipt of such a request
> by the warden of the defendant's facility, whichever is earlier,
> may reduce the term of imprisonment (and may impose a term
> of probation or supervised release with or without conditions
> that does not exceed the unserved portion of the original term
> of imprisonment), after considering the factors set forth in
> section 3553(a) to the extent they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a
> reduction . . . .

In addition to satisfying the above, the reduction must also be "consistent with applicable

policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1). The

Sentencing Commission's policy statement on compassionate release is found in U.S.

Sentencing Guidelines § 1B1.13. That policy provides that, under § 3582(c)(1)(A), the court

may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C.

§ 3553(a)," the court determines that "extraordinary and compelling reasons warrant the

reduction." U.S.S.G. § 1B1.13(1)(A). In the application notes, the Policy recognizes

extraordinary and compelling reasons with regard to: medical conditions; terminal illness;

serious conditions that diminish self-care abilities; age, with deterioration because of the

aging process and significant time served; family circumstances; and other extraordinary and compelling reasons other than, or in combination with, the above preceding reasons.

A defendant seeking release under 18 U.S.C. § 3582(c)(1)(A) has "the burden of establishing that compassionate release is warranted." United States v. Heromin, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). Compassionate release is "an extraordinary and rare event." White v. United States, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).

Here, the fact that Defendant has tested positive for COVID-19 is not an extraordinary or compelling reason justifying his immediate release from prison. As he states, he is not experiencing severe symptoms, and arguably is barely experiencing symptoms at all. As it turns out, the reasonable fears articulated in his original motion have thankfully not come to pass, and he appears to be bright spot in an otherwise somber state of affairs.

To put it simply, Defendant has contracted the virus, is experiencing minor symptoms, and nothing seems to stand in the way of his recovery.[1] I find no merit in his argument that his release protects inmates at Butner (he contends everyone at Butner has tested positive, so I fail to see how one fewer positive inmate improves the fate of those at Butner), the staff at Butner (for the same reason, his release will do nothing to protect the staff, as only the release of *all* inmates would mitigate the danger to which they are exposed),

---

[1] Defendant's arguments regarding the danger of "viral loads" are undercut by his rather minor symptoms. Moreover, his argument may not even be applicable to his situation. The cited research on viral loads generally concerns infection in the first instance. As he has already tested positive for the virus, its only relevance is on the potential for *re*-infection, a proposition even he admits is an unsettled question of science. (See Def.'s Mot. pg. 3.) Thus, to the extent that argument is even relevant to him, it is unclear that it even supports his position.

and the public at large (given his history of violent criminal conduct and the fact that he is contagious with an infectious and potentially deadly disease, this argument is baffling).

Even if I was persuaded that Defendant remains at risk for complications because he is being housed with other inmates who have tested positive for COVID-19, considering the factors of 18 U.S.C. § 3553(a), I do not believe his release is warranted. His criminal history, admittedly hoary with age, nevertheless represents a dangerous and violent past,[2] and gives me serious concerns for the safety of the community should he be released at this time. See 18 U.S.C. § 3553(a)(2)(C).

At its core, Defendant seeks release because of a fear that he will be re-infected after recovery. Aside from the unsettled question of whether re-infection is even possible, it is generally the case that the *fear* of contracting a disease while in prison rarely justifies a sentence reduction. See United States v. Dungee, No. 7:15-cr-00005, 2020 WL 1666470, at *2 (W.D. Va. Apr. 4, 2020) (quoting United States v. Clark, No. 17-CR-82, 2020 WL 1557397, at *4–5 (M.D. La. Apr. 1, 2020)). Finding no extraordinary or compelling circumstances to justify his immediate release, Defendant's motion will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 14th day of May, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Defendant was convicted of: unlawful wounding in 1979; robbery by force in 1981; malicious wounding, abduction, and assault in 1984; unlawful wounding in 1990; assault and battery in 1999; and possession of a firearm by a convicted felon in 2008. (See Presentence Report ¶¶ 23–36 [ECF No. 158].)